UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>HUMBERTO RODRIGUEZ,<br><br>  Defendant. | Case No.: 1:12-cv-00820-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 6) |

Plaintiff Leonard Johnson is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 24, 2012, Plaintiff filed a request for judicial notice pursuant to Rule 201 of the Federal Rules of Civil Procedure. To his motion, Plaintiff merely attaches a copy of the complaint that was removed by Defendant from state court.

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court may take judicial notice of the existence of court records. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Plaintiff does not provide any basis other than to attach the complaint to the motion to support a finding of judicial notice. The only judicially noticeable fact was the fact that his complaint was filed in the Fresno County Superior Court on March 14, 2012, and removed and filed in this Court on May 16, 2012, of which this Court takes judicial notice. Asdar Group v. Pillsbury, Madison & Sutro,

1  99 F.3d 289, 290 N. 1 (9th Cir. 1996) (court may take judicial notice of the pleadings and court orders
2  in earlier related proceeding).  The Court notes, however, that it does not take judicial notice of the
3  veracity of any arguments or facts presented in the complaint.  See, e.g., Lee v. City of Los Angeles,
4  250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, but not
5  the truth of the facts recited there).

      Based on the foregoing, Plaintiff's request for judicial notice as to the existence and date of the filing of the complaint is GRANTED, but denied in all other respects.

IT IS SO ORDERED.

Dated:  **September 20, 2013**

                                      UNITED STATES MAGISTRATE JUDGE