| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LEONARD JOHNSON, | ) | Case No.: 1:12-cv-00820-SAB (PC) |
| Plaintiff, | ) ) ) | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR COURT APPOINTED EXPERT WITNESS |
| v. | ) ) | |
| HUMBERTO RODRIGUEZ, | ) ) | [ECF No. 44] |
| Defendant. | ) ) ) | |

Plaintiff Leonard Johnson is proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the United States magistrate judge. Local Rule 302.

On June 11, 2015, Plaintiff filed a motion for the appointment of an expert witness. (ECF No. 44.) . The Court heard argument at the Pretrial Conference on June 11, 2015 and gave its tentative ruling from the bench after giving the parties an opportunity to be heard.

Plaintiff moves, pursuant to Rule 706 of the Federal Rules of Evidence, for appointment of a medical expert, during the summary judgment motion phase of this case. Pursuant to Rule 702 of the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or

otherwise." Fed. R. Evid. 702. Under Rule 706, the Court may on its own motion, or on the motion of a party appoint an expert witness. Fed. R. Evid. 706 (a).

Plaintiff's motion must be denied without prejudice. In this instance, the Court finds that appointment of an expert is not necessary or appropriate at this time. First, Plaintiff's request is untimely as discovery closed on June 2, 2014, and Plaintiff failed to provide timely disclosure of such expert pursuant to Rule 26(a)(2)(D). In addition, Plaintiff based upon the proffer given at the hearing as to his intended use of the expert, to show the damages portion of the excessive force claim, Plaintiff has failed to demonstrate the need for an expert witness to aid the Court's understanding of the excessive force claim and resulting damage. Hence, there is no basis at this time for appointment under Rule 706. To the extent Plaintiff finds an expert witness for use at trial, Plaintiff may renew the instant motion consistent with the rules of law and providing the necessary disclosure to the defendant.. Accordingly, Plaintiff's motion for the appointment of an expert witness pursuant to Fed. R. Evid. 706 is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **June 12, 2015**

UNITED STATES MAGISTRATE JUDGE

2